## No. 557.

### JOHN T. LUDELING VS. MARY A. FELTON AND HUSBAND.

On the eighteenth of January, 1872, Mary A. Felton, wife of J. J. Worley, being a widow, renounced the community by authentic act.

In September, 1874, this suit was instituted to make her responsible for plaintiff's claim as judgment creditor of her husband, on the ground that a community of property existed between them, and that at his death she assumed the control and ownership of that property.

It has already been held by this court that the widow of a deceased husband may renounce the community, at any time before the court having unlimited jurisdiction over the subject has pronounced a final judgment against her as a partner in community. This decision correctly interprets the law.

If the defendant had concealed, or made away with, any of the property belonging to the community after the dissolution of the marriage, her renunciation would not have availed.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *C. T. Dunn*, for plaintiff and appellant. *Todd & Brigham*, for defendant and appellee.

MORGAN, J. Plaintiff, a judgment creditor of James G. Felton, seeks

to make the defendant, his widow, responsible for his claim, upon the ground that a community of property existed between them, and that, at his death, she assumed the control and ownership of that property.

Many questions of law are presented by the pleadings, and have been argued orally and by brief. In our opinion the determination of one of these questions disposes of the case. This suit was instituted in September, 1874. On the eighteenth of January, 1872, she renounced the community by authentic act.

In the case of Cockburn vs. Wilson, 20 An. p. 39, it was held that the widow of a deceased husband may renounce the community, at any time before the court having unlimited jurisdiction over the subject-matter has pronounced a final judgment against her as a partner in community. This decision, we think, correctly interprets the law. If the defendant had concealed, or made way with, any of the property belonging to the community after the dissolution of the marriage, her renunciation would not have availed her. C. C. 2378, 2387. The evidence in the record does not, in our opinion, establish such a state of facts.

Judgment affirmed.